IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 JAN 16 PM 3: 57

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ( ) CV-04-CO-0107-S |
| BARBARA MITCHELL, an individual, JESSICA MITCHELL, an individual, and TINA EDMONSON, an individual, | ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Nationwide Mutual Fire Insurance Company (hereinafter "Nationwide") and files the following Complaint for Declaratory Jdugment against the defendants.

**PARTIES**

1.      Nationwide is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in the State of Ohio.

2.      Barbara Mitchell is an individual over the age of nineteen (19) years of age who resides in Pelham, Shelby County, Alabama, and is a resident citizen of the State of Alabama.

3.      Jessica Mitchell is an individual over the age of nineteen (19) years of age who resides in Pelham, Shelby County, Alabama, and is a resident citizen of the State of Alabama.

4.     Tina Edmonson is an individual over the age of nineteen (19) years of age who resides in Alexander City, Tallapoosa County, Alabama, and is a resident citizen of the State of Alabama.

## JURISDICTION AND VENUE

5.     This action is filed pursuant to the Federal Declaratory Judgment Act and Rule 57 of the Federal Rules of Civil Procedure.

6.     This is an action brought for declaratory judgment pursuant to 29 U.S.C. §§ 2201-2202.

7.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) as two of the defendants reside in this district.

9.     Upon information and belief, the amount in controversy exceeds $75,000.

10.    As shown below, there is a justiciable controversy, which requires the Court to declare the rights, remedies, obligations and liabilities of these parties.

## FACTUAL BACKGROUND

11.    The controversy before this Court involves an insurance policy issued by the plaintiff, Nationwide.

12.    The insurance policy at issue is an automobile insurance policy, number 77 01 N 959715.

13.    The named insured under said insurance policy is Barbara Mitchell. The policy was issued on August 29, 2002, with an applicable policy period of September 24, 2002 through March 24, 2003.

14. On or about March 3, 2003, at approximately 11:35 a.m., Jessica Mitchell was driving a 1999 Lexus 300 on Alabama 63 at or near an intersection with U.S. Highway 280 in Alexander City, Alabama. According to the Alabama Uniform Traffic Accident Report, the vehicle driven by Jessica Mitchell crossed over a double yellow traffic line into the path of a vehicle being driven by Tina Edmonson resulting in a head on collision. As a result of the accident, both vehicles were totaled.

15. According to the Alabama Uniform Traffic Accident Report both Jessica Mitchell and Tina Edmonson were transported to Russell Medical Center. Upon information and belief, the medical expenses incurred by Tina Edmonson exceeded $25,000.

16. The 1999 Lexus was owned by Richard A. Braswell and had been reported stolen to the Hoover Police Department on or about March 3, 2003. It has been alleged that Jessica Mitchell did not have the permission of the owner to drive the vehicle on the occasion when the accident occurred or on any other known occasion.

17. A claim has been made on behalf of Tina Edmonson for damages sustained as the result of the March 3, 2003 accident.

18. The auto policy issued to Barbara Mitchell provides the following relevant coverage provisions and definitions:

> **Insuring Agreement.**
>
> For the **policyholder's** payment of premiums and fees in amounts we require and subject to all of the terms and conditions of this policy, **we** agree to provide the coverages the **policyholder** has selected. These selections are shown in the enclosed Declarations, which are a part of this policy contract. The selected coverages in this policy apply only to occurrences while the policy is in force. Renewal

>premiums for terms of six months each must be paid in advance.

[Nationwide policy, p. D1].

>The following definitions are contained within the policy:

>>"POLICYHOLDER" means the first person named in the Declarations. The **policyholder** is the named insured under this policy but does not include the **policyholder's spouse**. If the first named insured is an organization, that organization is the **policyholder.**

>>"RELATIVE" means one who regularly lives in **your** household and who is related to **you** by blood, marriage or adoption (including a ward or foster child). A **relative** may live temporarily outside **your** household.

>>"INSURED" means one who is described as entitled to protection under each coverage.

[Nationwide policy, p. D1].

>**Auto Liability.**

>This coverage also applies to certain other **motor vehicles** as follows:

>>1.   A **motor vehicle you** do not own, while it is used in place of **your auto** for a short time. **Your auto** must be out of use because of:

>>>a)   breakdown;

>>>b)   repair;

>>>c)   servicing; or

>>>d)   loss.

>>2.   A **private passenger auto** newly acquired by **you.** This coverage applies only during the first 30 days **you** own the vehicle unless it replaces **your auto**. If the newly acquired vehicle does not replace **your auto,** all household vehicles owned by **you** must be

> insured by **us** or an affiliate for this extension of coverage to apply.
>
> We provide this coverage only if **you** do not have other collectible insurance. **You** must pay any added premium resulting from this coverage extension.
>
> 3. A **motor vehicle** owned by a non-member of **your** household and not covered in Item 1. of this section.
>
>    a) This applies only while the vehicle is being used by **you** or **a relative**. It protects the user, and any person or organization, except as noted below in b), who does not own the vehicle but is legally responsible for its use.
>
>    b) This does not apply to losses involving a **motor vehicle:**
>
>       (1) used in the business or occupation of **you** or **a relative** except a **private passenger auto** used by **you**, **your** chauffer, or **your** household employee;
>
>       (2) owned, rented or leased by an employer of an **insured**;
>
>       (3) rented or leased by anyone for or on behalf of an employer of an **insured**; or
>
>       (4) furnished to **you** or a **relative** for regular use. Furnished for regular use does not include a **motor vehicle** rented from a rental company for less than 28 days.

[Nationwide policy, p. L2].

**OTHER INSURANCE.**

For losses covered under "USE OF OTHER MOTOR VEHICLES," **our** coverage is excess over any other collectible:

   a) insurance;

   b) self insurance;

   c) proceeds from a governmental entity; or

   d) sources of recovery.

If more than one policy issued by **us** or an affiliated company applies on an excess basis to the same loss, **we** will pay only up to the highest limit of any one of them.

[Nationwide policy, p. L4].

### GENERAL POLICY CONDITIONS.

Protection in this policy does not apply to other **motor vehicles** which any **insured**:

   a) uses without a reasonable belief that the **insured** is entitled to do so.

   b) has stolen.

   c) knows to have been stolen.

[Nationwide policy, p. G2].

19. Based upon these policy provisions and Alabama case law, Nationwide issued a reservation of rights letter to policyholder, Barbara Mitchell regarding "non-permissive" use of an automobile on May 21, 2003.

### CLAIMS FOR RELIEF

20. Based upon the foregoing facts, policy terms and provisions, there presently exists a judiciable controversy as to whether coverage would exist as to the claims arising from this accident.

21. Nationwide desires to perform and discharge any duties which it may owe to the parties involved in this accident, but is presently in doubt as to the nature and

extent of its obligations, if any, with respect to the policy in question. Absent a declaration of its rights and obligations, Nationwide will be exposed to substantial and irreferable and uncertainty, all of which can be avoided by the declaration of its rights as requested herein.

22. Nationwide respectfully requests that this Court assume jurisdiction over this cause and allow Nationwide to determine all coverage issues as may exist under all the terms and provisions of the policy. Nationwide prays that this Court will generally declare and define the following:

   a. The nature and extent of any coverage obligations, if any, which may exist in favor of Jessica Mitchell pursuant to the policy issued to Barbara Mitchell.

   b. The nature and extent of any coverage obligations, if any, which may exist in favor of Tina Edmondson pursuant to the policy in question.

   c. The nature and extent of any coverage obligations, if any, which may exist in favor of Barbara Mitchell pursuant to the policy in question.

22. Nationwide also requests such further and different relief as may be appropriate to accomplish justice and equity among the parties.

*/s/ Stephanie W. Schmidt*
Stephanie White Schmidt (WHITS6394)
Attorney for Plaintiff Nationwide Mutual
Fire Insurance Company

OF COUNSEL:
HARE, CLEMENT & DUCK, P.C.
Suite 1500, AmSouth-Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 322-3040
Facsimile: (205) 322-5577
E-mail: hc@harelaw.com

Serve the defendants at the following address:

Barbara Mitchell
1910 Chandagreen Lane
Pelham, Alabama 35124

Jessica Mitchell
1910 Chandagreen Lane
Pelham, Alabama 35124

Tina Edmondson
895 Lamberth Road
Alexander City, Alabama 35010

8